

**GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

1/8/2021

BY ECF
Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Government Employees Insurance Company, et al., v. Big Apple Med Equipment, Inc., et al.,* Index No. 20-cv-05786; Request for an extension of Defendants' time to respond to the Complaint *nunc pro tunc* or in the alternative an extension of time to file the motion to vacate default

Dear Judge Bulsara:

    I write on behalf of Defendants David Abayev and Big Apple Med Equipment, Inc., ("Big Apple") (collectively, "GTPC Defendants") to request an extension of the time for GTPC Defendants to file their motion for an extension of time to answer or otherwise respond to the Complaint to February 5, 2021, and enclosing a stipulation signed by Plaintiffs' counsel vacating any pending default for GTPC Defendants' failure to answer or otherwise respond to the Complaint on or before February 5, 2021. The stipulation is attached hereto as Exhibit 1.

    GTPC Defendants respectfully request that the Court waive its requirements for a full motion to vacate default, per the Court's Order dated January 7, 2021 and accept GTPC Defendants' prior motion to extend the time for GTPC Defendants to answer because the failure to file the stipulation extending time to answer was excusable neglect on counsel's part under This Rule of Civil Procedure 6(b)(1)(B). In the alternative, GTPC Defendants request that the deadline for filing the motion to vacate default be extended until February 5, 2021 for the reasons set forth below.

    Federal Rule 6(b)(1)(B) allows the Court to extend GTPC Defendant's late filing of the motion to extend time to answer for god cause shown, particularly if the delay was due to excusable neglect, particularly when no default has yet been entered. *Olivieri v. Waldbaum, Inc.*, No. CV 2012-1195 (SLT), 2014 U.S. Dist. LEXIS 66406, at *2 (E.D.N.Y. May 14, 2014) (citing *Alli v. Steward-Bowden*, 2012 U.S. Dist. LEXIS 122996, 2012 WL 3711581, at *3 (S.D.N.Y. August 24, 2012); *U.S. v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256*, 2010 U.S. Dist. LEXIS 117821, at *2-*3 (W.D.N.Y. Sept. 28, 2010)). Courts determining whether neglect was excusable under Federal Rule 6(b)(1)(B) must examine the 'relevant circumstance surrounding the party's omission," which include "danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, there will be no prejudice to Plaintiffs because Plaintiffs have not only twice agreed to extend GTPC

Defendants' time to answer, but Plaintiffs have also stipulated to vacating any default that should be entered against GTPC Defendants for failing to answer on or before February 5, 2021. *See* ECF No. 16 and Exhibit 1, respectively. Even had Plaintiffs not agreed to extend GTPC Defendants' time to answer, there would be no prejudice as discovery has not yet started in earnest. *See, e.g., CHIEKO v. TAKASHI*, 00 Civ. 5390 (DLC)(FM), 2001 U.S. Dist. LEXIS 20539, at *8 (S.D.N.Y. Dec. 12, 2001).

GTPC Defendants filed their motion to extend time to respond to the Complaint two days after Big Apple's answer was due on January 4 and a single day after Abayev's answer was due on January 5. Should the Court accept the late filing, any delay in the case would be subsumed by the extension already granted to Defendant Suresh Paulus, D.O., whose time to answer the Court had already extended to January 21.[1] A delay of two days in filing the motion to extend time to answer at most would have negligible effect on proceedings in this matter.

I inadvertently failed to submit a stipulation or request to extend time to answer in this matter on or before January 4, 2021 because I was absent from work for the intervening Christmas and New Year holidays and for family leave to care for a newborn son. Although inadvertence on the part of counsel is not always sufficient for relief under Rule 6(b)(1)(B), excusable neglect "is a somewhat 'elastic concept' . . . and mere inadvertence, without more, can in some circumstances be enough to constitute "excusable neglect" justifying relief." *Raymond v. IBM*, 148 F.3d 63, 66 (2d Cir. 1998) (quoting *Pioneer Inv. Servs.*, 507 U.S. 380 at 391-92). Courts in this District have found attorney inadvertence sufficient for relief under Rule 6 when, for example, counter-defendants failed to timely respond to counterclaims due to their "attorneys being involved in other litigation, including a trial and post-trial activities, on behalf of other clients, . . . international travel . . ., and the deployment of one attorney's son to Iraq, as well as the unfortunate passing of that same attorney's mother, at or around the time" their response was due. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 56-58 (E.D.N.Y. 2007). Courts are more willing to find excusable neglect when an omission or delay is due to more than mere oversight, such as when the parties discuss a timely response prior to the deadline address by the Rule 6(b)(1)(B) motion and the movant subsequently misses a deadline. *See Transcon. Gas Pipeline Corp. v. Lands in the Cnty. of Kings*, No. 07-CV-0009 (ERK), 2007 U.S. Dist. LEXIS 78630, at *8-9 (E.D.N.Y. Oct. 23, 2007) (finding excusable neglect for defendants' failure to answer when attorneys for all parties discussed defendants' response to a complaint to condemn land under the Natural Gas Act by a motion to dismiss at their initial conference even though such a motion was not a permissible response under former Federal Rule 71A). Here, defense counsel's commitments to taking care of his newborn, absence from work for the holidays, and counsel's conferring with Plaintiffs' counsel regarding the extension prior to the deadline passing weigh heavily in favor of granting an extension of the time to file a motion to extend time to answer *nunc pro tunc*.

GTPC Defendants did not willfully cause any delay in this case because any delay was due to counsel's inadvertence due to juggling family leave with a heavy workload over the holidays. I am the primary litigator assigned to federal matters at Gary Tsirelman, P.C. ("the Firm"). GTPC Defendants retained the Firm in late December while I was on family leave to care for my new son, born on October 27, 2021. I have taken family leave since late October and worked part-time a few days a month. Specifically, the GTPC Defendants contacted the Firm about this matter on December 23 and formally retained the Firm on December 28. I was scheduled to be on family

---

[1] It is not clear from the docket when Dr. Paulus was served, as Plaintiffs have not yet filed the executed summons relating to him. Plaintiffs have also not filed an executed summons relating to Aleksandr Mostovoy, D.O. It is possible that Dr. Mostovoy may not yet have been served and his answer not due until some significantly later date, in which case GTPC Defendants' delayed motion to extend would have even less of an effect on proceedings in his case.

leave the entire week of December 21 and most of the week of December 28. I was only able to review the Complaint on December 31. I was unable to contact Plaintiffs' counsel that day or before January 4, 2021, due to the intervening holiday and my commitment to caring for my newborn and two-year old sons over the long holiday weekend. I contacted Plaintiffs' counsel on January 4, despite being scheduled for family leave on January 4 and 5, in the hopes of filing a motion or stipulation that day. Plaintiffs' counsel courteously agreed on January 4 to the extension until February 5, 2021. I agreed to draft a stipulation. I regrettably did not send the draft stipulation to Plaintiffs' counsel until January 6 because I was distracted by caring for my infant son and limited work on other matters during my family leave days. Once I realized my omission, I promptly sent the stipulation to Plaintiffs' counsel and filed it once Plaintiffs' counsel returned a signed copy. At no point did GTPC Defendants themselves seek to cause delay and any delay on my part was entirely inadvertent.

For these reasons, GTPC Defendants request that the Court grant their motion to extend their time to file their motion to extend their time to answer or otherwise respond to the complaint, filed at ECF No. 16, to January 6, 2021 *nunc pro tunc* pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and waive or otherwise lift the Court's Order dated January 7, 2021 that GTPC Defendants file a motion to vacate their default.

In the alternative, GTPC Defendants request an extension of time to file the motion to vacate their default until February 5, 2021. Plaintiffs have consented to this request. As discussed above, I am currently working part-time and taking family leave part time to care for my newborn son. I will be working two or three days a week in January and anticipate retuning to work full time in mid-February. I therefore request the additional time so I may fully address the factors weighing in favor of vacating any default in answering Plaintiffs' voluminous Complaint while working part-time.

Thank you for your consideration of this letter motion.

Cc:  All Counsel via ECF

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Defendants Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201