UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY COMPANY,

    Docket No.: 1:20-cv-05786-PKC-SJB

Plaintiffs,

-against-

BIG APPLE MED EQUIPMENT, INC., DAVID ABAYEV, ALEKSANDR MOSTOVOY, D.C., SURESH PAULUS, D.O., ASHLEY KIAEI, D.C., PETER MARGULIES, D.C., and JOHN DOE DEFENDANTS 1-10,

Defendants.
-------------------------------------------------------------------X

## DECLARATION OF MICHAEL VANUNU

1. I am associated with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "GEICO" or "Plaintiffs"), in this action. I have personal knowledge of the facts set forth in this declaration and would testify as to them in a court of law if called upon to do so.

2. I submit this declaration on behalf of GEICO in support of its motion against Defendants Big Apple Med Equipment, Inc. ("Big Apple") and David Abayev ("Abayev", collectively the "Big Apple Defendants") seeking an Order:

   (i) staying all pending No-Fault insurance collection arbitrations that have been commenced against GEICO by or on behalf of Big Apple pending disposition of GEICO's declaratory judgment claim in this action; and

   (ii) enjoining Big Apple and anyone acting on their behalf from commencing any further No-Fault insurance collection arbitration or litigation against GEICO pending disposition of GEICO's declaratory judgment claim in this action.

3.     GEICO's declaratory judgment claim in this action directly relate to more than 774 separate collection arbitrations pending before the AAA that collectively seek more than $887,000.00 from GEICO.

I.     **GEICO's Complaint**

4.     GEICO commenced this action on November 30, 2020.  See Docket No. 1. GEICO's Complaint alleges that the Big Apple Defendants – along with co-defendants Aleksandr Mostovoy, D.C., Suresh Paulus, D.O., Ashley Kiaei, D.C., and Peter Margulies, D.C. (collectively, the "Co-Defendants") – entered into schemes to submit thousands of fraudulent no-fault insurance claims seeking reimbursement for durable medical equipment and orthotic devices (collectively "DME") provided through Big Apple to New York automobile accident victims covered by policies of insurance issued by GEICO ("Insureds"). The fraudulent schemes involved the Big Apple Defendants submission of charges to GEICO for DME:

(i)    purportedly provided to Insureds as a result of unlawful financial arrangements with healthcare providers, including the Co-Defendants, either directly or through third-parties who are not presently known (Docket No. 1, ¶¶ 66-90);

(ii)   that was not medically necessary and was purportedly provided based upon predetermined fraudulent protocols designed to financially enrich the Defendants, other health care providers, and others not presently known (Docket No. 1, ¶¶ 91-211);

(iii)  that was not provided to the Insureds (Docket No. 1, ¶¶ 212-224); and

(iv)   using HCPCS Codes that fraudulently mispresented the type and nature of DME purportedly provided to the Insureds (Docket No. 1, ¶¶ 225-256).

5.     These allegations are not made in a conclusory vacuum. Instead, the Complaint is replete with specific and detailed allegations concerning the Big Apple Defendants' fraudulent conduct – including examples of individual claims. Solely by way of example, the Complaint sets forth specific details how each of the Co-Defendants issued medically unnecessary prescriptions for DME to GEICO's Insured, each Co-Defendants' predetermined protocol for prescribing DME,

2

and provided claim-specific examples of Insureds who received virtually identical prescriptions for DME from each Co-Defendant despite experiencing different types of car accidents and not being similarly situated. See Docket No. 1, ¶¶ 91-211. The Complaint also describes how the Big Apple Defendants submitted charges to GEICO for DME never actually provided to Insureds. See Docket No. 1, ¶¶ 216-224. The Complaint further explains that many of the charges submitted by the Big Apple Defendants misrepresented what was provided to Insureds, to the extent that they actually received any DME. See Docket No. 1, ¶¶ 225-256.

6. In addition, the Complaint describes how the Longevity Defendants entered into unlawful financial arrangements in order to obtain prescriptions from healthcare providers, including the Co-Defendants by paying illegal kickbacks through third-parties. See Docket No. 1, ¶¶ 66-90. As part of obtaining third-party discovery in other actions brought by GEICO against healthcare providers who submitted fraudulent bills for no-fault insurance reimbursement, GEICO obtained checks issued by the Big Apple Defendants to entities that do not conduct any business or serve no legitimate purpose.

7. For example:

   (i) On May 24, 2019, the Big Apple Defendants paid Statewide Employment Professionals, Inc. a check for $10,675.23, when Abayev is Big Apple's sole employee. See Docket 1, ¶¶ 69-70.

   (ii) On May 28, 2019, the Big Apple Defendants paid Prompt Process Serving & Investigation Inc. a check for $9,632.38, when Prompt Process Serving & Investigation is not a licensed process serving agency. See Docket 1, ¶ 71.

   (iii) Between May 7 and July 2, 2019, the Big Apple Defendants paid almost $50,000.00 to Med Supply Professionals, Inc. See Docket 1, ¶¶ 72-73.

   (iv) Between May 2 and July 8, 2019, the Big Apple Defendants paid more than $63,000.00 to NY & EU Supply, Inc., when NY & EU Supply is not a licensed DME supplier. See Docket No. 1, ¶¶ 74-75.

3

8.      GEICO's Complaint asserts claims against the Big Apple Defendants and their Co-Defendants for civil RICO violations pursuant to 18 U.S.C. § 1962(c) and (d), common law fraud, and unjust enrichment. <u>See</u> Docket No. 1, ¶¶ 271-276. Through these claims, GEICO seeks to recover more than $122,000.00 it <u>already paid</u> in reliance on the fraudulent billing submitted by the Defendants. Further, GEICO asserts a declaratory judgment claim that Big Apple has no right to receive payment on their <u>pending and unpaid</u> No-Fault insurance billing, currently amounting to more than $887,000.00.

**II.**     **<u>Big Apple No Longer Conducts Business</u>**

9.      Big Apple first started purportedly providing DME to Insureds on or about January 6, 2019. GEICO first received a bill submitted to Big Apple on or around January 15, 2019. However, Big Apple has not submitted any bills to GEICO for purportedly providing DME to Insureds after December 29, 2019. <u>See</u> Declaration of Danielle Perdomo, GEICO Special Investigative Unit Supervisor, annexed hereto as Exhibit "1".

10.     GEICO's Special Investigative Unit confirmed that Big Apple is no longer operating. On November 17, 2020, GEICO conducted an inspection of Big Apple's operating address, 16102 Union Turnpike, Fresh Meadows, New York, and confirmed that Big Apple was no longer operating. Furthermore, no new operating address could be found for Big Apple. <u>See</u> Declaration of Danielle Perdomo, GEICO Special Investigative Unit Supervisor, annexed hereto as Exhibit "1".

**III.**    **<u>Defendants' Prosecution of No-Fault Arbitrations</u>**

11.     Of the total pending and unpaid billing, the Big Apple Defendants are currently actively pursuing collection of more than $887,000.00 through expedited no-fault arbitrations, all of which is the subject of not only GEICO's declaratory judgment claim.

12. Specifically, Big Apple is currently prosecuting against GEICO at least 887 collection arbitrations, through the expedited American Arbitration Association ("AAA") New York No-Fault procedures, seeking to collect on more than $887,000.00 in charges that are subject to GEICO's declaratory judgment claim in the present case. See Declaration of Kathleen Asmus, GEICO Claims Manager, annexed hereto as Exhibit "2".

IV.     **The Context of AAA No-Fault Arbitrations**

13. The present motion to stay the Big Apple Defendants' pending no-fault collections arbitrations is based, in part, on the risk of inconsistent results between and amongst the Big Apple Defendants' collection proceedings and the present case satisfy the irreparable harm requirement.

14. The risk of inconsistent judgments is underscored by the fact that – in contrast to the present case – GEICO does not have a full and fair opportunity to litigate either (i) the legitimacy of Defendants' fraudulent, pre-determined treatment and billing protocol, or (ii) the allegation that the Big Apple Defendants were engaged in illegal kickback schemes. The expedited no-fault arbitration procedure set forth in 11 N.Y.C.R.R. § 65-4.1 generally contemplates no substantive discovery in advance of the hearing, nor does it generally permit any meaningful examination or cross-examination of witnesses. See Allstate Ins. Co. v. Mun, 751 F.3d 94, 99 (2d Cir. 2014). In fact, no-fault arbitrations are typically heard and resolved in a matter of minutes, with arbitrators conducting one hearing after another, generally in 15-minute intervals. These circumstances render it impractical for an arbitrator to adequately consider large scale, complex schemes involving fraudulent treatment and billing protocols and complex financial, kickback, and referral scheme allegations.

V. **Additional Attachments and Evidence in Support of GEICO's Motion**

15. As set forth above, attached as Exhibit "1" is the Declaration of Danielle Perdomo, GEICO Special Investigative Unit Supervisor, which describes the investigation into the current operation of the Big Apple Defendants.

16. As set forth above, attached as Exhibit "2" is the Declaration of Kathleen Asmus, GEICO Claims Manager, which states that there 774 no-fault collection arbitrations currently being prosecuted by the Big Apple Defendants that seek to collect more than $887,000.00.

17. As set forth above, attached as Exhibit "3" is Declaration of Robert Borzone, D.C., L.Ac., DACBN.

I declare under penalties of perjury that the foregoing is true and correct. Executed at Uniondale, New York on February 16, 2021.

Michael Vanunu